UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01983-TWP-TAB |
| | ) | |
| TOLEDO RADIO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

Before the Court pends Defendant Toledo Radio's motion to dismiss Plaintiff Larry G. Philpot's lawsuit. Philpot is an Indianapolis-based photographer who filed this copyright infringement action against Toledo Radio, an Ohio radio station. Philpot claims that Toledo Radio posted on its website Philpot's licensed photo of Willie Nelson. In doing so, Toledo Radio allegedly failed to attribute Philpot for the photograph and removed the copyright management information from the photograph. In response to Philpot's complaint, Toledo Radio filed its motion to dismiss this case for lack of jurisdiction. For the reasons set forth below, the Magistrate Judge recommends Toledo Radio's motion to dismiss [Filing No. 10] be granted.

Under Federal Rule Civil Procedure 12(b)(2), a cause of action must be dismissed when the Court lacks personal jurisdiction over the defendant. While a plaintiff's complaint need not include facts alleging personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction if a defendant moves to dismiss the action for lack of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). When the Court rules only on the basis of the parties' written submissions, the plaintiff need only make a prima facie case of personal jurisdiction. *Id.* Under a prima facie standard, the "plaintiff is

entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id*.

Philpot brings his lawsuit under the Copyright Act, a federal statute that does not authorize nationwide service of process. Consequently, the forum state's laws govern personal jurisdiction. Indiana Trial Rule 4 serves as Indiana's long-arm provision, and it "reduces analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process." *Advanced Tactical,* 751 F.3d 796, 800 (7th Cir. 2014) (quoting *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006)). Thus, the Court need only consider due process in determining whether it has personal jurisdiction over Toledo Radio. *Portee v. Cleveland Clinic Foundation Care of CT Corp. System,* No. 1:13-cv-1582-SEB-TAB, 2014 WL 3741002, at *1 (S.D. Ind. July 28, 2014).

Two categories of personal jurisdiction exist, general and specific jurisdiction. Under specific jurisdiction, a defendant must have such minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" under due process. *Advanced Tactical*, 751 F.3d at 800. In other words, defendant's conduct and connection with the forum state must be such that the defendant could anticipate being haled into the court there with respect to the matter at issue. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Specific jurisdiction is not dependent on the unilateral activity of the plaintiff, but on whether defendant purposefully availed itself of the privilege of conducting activities within the forum state. *Id.* at 475. Indeed, the Court focuses on defendant's deliberate actions to target or direct itself toward the forum state. *Advanced Tactical,* 751 F.3d at 803.

Toledo Radio contends that it has no contacts in Indiana, and thus, this Court cannot exercise general or specific jurisdiction without violating due process.  As Toledo Radio asserts in its brief and supporting affidavits, it has no general business contacts in Indiana.  According to Daniel Dudley's affidavit (a managing member at Toledo Radio), Toledo Radio does not broadcast in Indiana; it does not advertise in or seek advertisers from Indiana; it does not have any community involvement in Indiana; it is not registered to do business in Indiana and has never been registered to do business in Indiana; and it does not have a registered agent in Indiana.  [Filing No. 10-1, at ECF p. 1-2.]  Toledo Radio's principal place of business is in Toledo, Ohio, and it only broadcasts to the greater Toledo area, which includes southern Michigan.  [Filing No. 10-1, at ECF p. 1-2.]

In response,[1] Philpot asserts that Toledo Radio's participation in TuneIn.com establishes minimum contacts in Indiana because Toledo Radio deliberately streams broadcasts on TuneIn.com (a worldwide broadcast streaming website), to which Indiana listeners have access.  Philpot provides no supporting affidavit or evidence for his assertions.  Still, he argues that TuneIn.com targets advertisements to its listeners, and because Toledo Radio allegedly shares in the revenue generated from these advertisements, personal jurisdiction is satisfied.  Such allegations do not establish specific jurisdiction.  Website presence is insufficient to establish minimum contacts in a jurisdiction.  The fact that Toledo Radio participates in TuneIn.com or operates a website accessible in the forum state does not mean that Toledo Radio targeted Indiana consumers.  *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010).  Moreover,

---

[1] Philpot's response to Toledo Radio's motion to dismiss also seeks leave to conduct limited discovery for the purposes of establishing personal jurisdiction.  In a companion case, Philpot withdrew this request.  Consequently, the Court denied Philpot's motion for leave to conduct jurisdictional discovery in this case without prejudice.  [Filing No. 15.]

3

specific jurisdiction only exists when the relation between the defendant and the forum state arise out of contacts that the defendant itself creates with the forum.  The contacts a third party makes with the forum state do not create specific jurisdiction.  See *Advanced Tactical,* 752, F.3d at 801.

Philpot also argues that specific jurisdiction exists because Toledo Radio broadcasted a December 2014 football game between the Cleveland Browns and the Indianapolis Colts.  A single broadcast of a football game is too attenuated a contact to give rise to personal jurisdiction over Toledo Radio in Indiana.  If such contact satisfied personal jurisdiction, it would offend traditional notions of fair play and substantial justice under due process.  *be2LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011).  Thus, Philpot has failed to establish a prima facie case for specific jurisdiction.

Nor does general jurisdiction exist.  Under general jurisdiction, a plaintiff must show that "defendant has continuous and systematic general business contacts with the forum" to comport with due process.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003).  The contact must be so extensive "that it would be fundamentally fair to require [defendant] to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world."  *Purdue,* 338 F.3d at 787 (emphasis in the original).  As Toledo Radio asserts in its brief and supporting affidavits, it has no general business contacts in Indiana, let alone contacts that are continuous and systematic in nature.

Philpot argues that because Toledo Radio conducts business with third-party vendors doing business in Indiana, the Court should find that Toledo Radio also does business in Indiana.  However, Philpot's argument misses the mark.  Personal jurisdiction is based solely on the defendant's activities, not that of other parties.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).  Thus, the interactions that Toledo Radio's third-party vendors have in the Indiana

market do not establish the Court's general jurisdiction over Toledo Radio.  The threshold for satisfying general jurisdiction is high and must approximate physical presence.  *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).  None of Philpot's arguments reach that threshold.  Thus, no general jurisdiction exists.

      For these reasons, the Magistrate Judge finds that this Court has no personal jurisdiction over Toledo Radio and recommends Toledo Radio's motion to dismiss [Filing No. 10] be granted.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

      Date:  6/11/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Thomas P. Timmers
TURLEY & TIMMERS LLC
tom@ttlaw.us

LARRY G. PHILPOT
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236